EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Nayda Lucero Iglesias Saustache <br><br> Recurrida <br><br> v. <br><br> Jeanine Calderón Félix <br><br> Peticionaria | Certiorari <br><br> 2018 TSPR 154 <br><br> 201 DPR ____ |

Número del Caso: CC-2016-536

Fecha: 16 de agosto de 2018

Tribunal de Apelaciones:

      Región Judicial de San Juan

Abogados de la parte peticionaria:

      Lcdo. Edgardo Rodríguez Carde
      Lcda. Yarymar González Carrasquillo

Abogados de la parte recurrida:

      Lcda. Vilma Dapena Rodríguez
      Lcdo. Juan Forastieri Maldonado
      Lcdo. Mario Arroyo Maymi
      Lcda. Moraima Ríos Robles
      Lcda. Nicole Marie Bustelo Correo

Materia: Adjudicación de beneficios de un plan de retiro regido por la *Employee Retirement and Income Security Act* (ERISA), cuando el participante del plan contrae segundas nupcias y no revoca el formulario de designación de beneficiario a favor de su primera esposa.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Nayda Lucero Iglesias Saustache

     Recurrida

      v.                     Núm. CC-2016-703     *Certiorari*

Jeanine Calderón Félix

     Peticionaria

Opinión del Tribunal emitida por el Juez Asociado señor COLÓN PÉREZ.

En San Juan, Puerto Rico a 16 de agosto de 2018.

En el presente caso nos corresponde determinar quién tiene derecho a los beneficios de un plan de retiro regido por la ley federal de *Employee Retirement and Income Security Act de 1974* (ERISA), cuando el participante del plan contrae segundas nupcias y no revoca cierto formulario de designación de beneficiario a favor de su primera esposa.

Adelantamos que, al examinar minuciosa y detenidamente las disposiciones legales que gobiernan el asunto, resolvemos que los beneficios del referido plan de retiro le corresponden a la segunda esposa del participante. Veamos.

I.

Allá para junio de 1989, la señora Nayda Lucero Iglesias Saustache (en adelante, "señora Iglesias Saustache") contrajo matrimonio con el licenciado Tcherine Andújar Figueroa (en adelante "licenciado Andújar Figueroa"). Unos años más tarde, el 8 de diciembre de 1997 para ser específicos, el licenciado Andújar Figueroa, quien para ese entonces laboraba en el Bufete Pietrantoni, Méndez & Álvarez LLP, suscribió un *Formulario para designar beneficiarios* del *PMA Retirement and Savings Plan* (en adelante, "Plan de Retiro") y designó a su entonces esposa, la señora Iglesias Saustache, como beneficiaria del Plan.

Posteriormente, mediante Sentencia de Divorcio del 29 de marzo de 2004, el Tribunal de Primera Instancia, Sala de Superior de Bayamón, declaró roto y disuelto el vínculo matrimonial entre el licenciado Andújar Figueroa y la señora Iglesias Saustache. Al así hacerlo, y como parte de los acuerdos llegados entre las partes, el Tribunal de Primera Instancia aprobó un *Acuerdo de División de Bienes* (en adelante, "*Acuerdo de División*"), en el cual el licenciado Andújar Figueroa y la señora Iglesias Saustache distribuyeron los bienes de la extinta sociedad legal de bienes gananciales.

**En cuanto al Plan de Retiro, y en lo pertinente a la controversia que nos ocupa, el *Acuerdo de División* establecía lo siguiente: "*PMA Retirement and Savings Plan: El valor total de la cuenta a nombre de Andújar en este plan se***

**_dividirá en partes iguales. El valor de esta cuenta al 27 de septiembre de 2004 es $555,604.67_**".[1]

Eventualmente, el 15 de noviembre de 2008 para ser exactos, el licenciado Andújar Figueroa contrajo matrimonio con la señora Jeanine Calderón Félix (en adelante, "señora Calderón Félix"). Siete meses después de contraer matrimonio con ésta última, entiéndase el 19 de junio de 2009, el licenciado Andújar Figueroa falleció.

Así pues, la señora Iglesias Saustache solicitó al administrador del Plan de Retiro, el bufete Pietrantoni, Méndez & Álvarez LLP, que le entregara la participación que a ella le correspondía según el _Acuerdo de División_. El administrador del Plan de Retiro se negó, por entender que el Acuerdo no constituía una orden de relaciones domésticas cualificada que, conforme a la ley ERISA, permitiese que un ex cónyuge se trate como beneficiario del Plan. Así pues, el administrador distribuyó los beneficios del Plan de Retiro a favor de la cónyuge supérstite del participante, la señora Calderón Félix.

Inconforme con dicho proceder, el 3 de junio de 2011, la señora Iglesias Saustache, primera esposa del licenciado Andújar Figueroa, presentó ante el Tribunal de Primera Instancia de San Juan una demanda por cobro de dinero, incumplimiento de contrato, daños contractuales, restitución y reivindicación contra la señora Calderón Félix. En la misma, la señora Iglesias Saustache reclamó a la señora

---

[1] Véase Apéndice del _Certiorari_, pág. 64.

Calderón Félix su participación en el Plan de Retiro según estipulado en el *Acuerdo de División*.

Una vez comenzados los procesos relacionados al litigio, durante el descubrimiento de prueba, la señora Iglesias Saustache advino en conocimiento de que el licenciado Andújar Figueroa no revocó el formulario para la designación de beneficiarios que hizo a su favor mientras estaban casados. Consecuentemente, la señora Iglesias Saustache enmendó la demanda para reclamar la totalidad de los beneficios del Plan de Retiro.

Posteriormente, y cónsono con lo anterior, el 14 de marzo de 2013, la señora Iglesias Saustache presentó una solicitud de sentencia sumaria en la que alegó que le correspondía la totalidad de los beneficios que fueron distribuidos a la señora Calderón Félix, por ser ésta la beneficiaria designada en el formulario de designación del Plan de Retiro. A dicha solicitud, la señora Calderón Félix se opuso y, a su vez, solicitó que se desestimaran las causas de acción en su contra.

Evaluados los planteamientos de las partes, el Tribunal de Primera Instancia de San Juan dictó una *Sentencia Sumaria Parcial* a favor de la señora Iglesias Saustache. Al así hacerlo, determinó que ésta última era la beneficiaria de la totalidad de los beneficios del Plan de Retiro, toda vez que el licenciado Andújar Figueroa no revocó el formulario para la designación de beneficiarios que hizo a favor de ésta.

Insatisfecha, la señora Calderón Félix recurrió al Tribunal de Apelaciones y señaló que el foro primario erró al concluir que la señora Iglesias Saustache era la beneficiaria de la totalidad de los fondos del Plan de Retiro, al no reconocer el *Acuerdo de División*, pactado entre ésta y el licenciado Andújar Figueroa. Oportunamente, la parte recurrida presentó su alegato en oposición.

Luego de examinar ambos alegatos, el foro apelativo intermedio confirmó la sentencia del Tribunal de Primera Instancia. En síntesis, el Tribunal de Apelaciones resolvió que la señora Iglesias Saustache era la acreedora de todos los beneficios del Plan de Retiro.

No conforme con esa decisión, la señora Calderón Félix recurre ante nos y, bajo fundamentos similares a los expuestos en el foro primario y apelativo intermedio, sostiene que el Tribunal de Apelaciones erró al resolver que la señora Iglesias Saustache era la beneficiaria de la totalidad de los beneficios del Plan de Retiro y, a grandes rasgos, al no reconocer el *Acuerdo de División* pactado entre ésta y el licenciado Andújar Figueroa.

Trabada así la controversia, y contando con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

## II.

Como es sabido, la ley ERISA es la disposición legal federal que regula todo lo relacionado a los planes de beneficios para empleados de patronos privados. En la misma,

se establecen los estándares mínimos que deben cumplir aquellos patronos privados que constituyan un plan de beneficios para sus empleados. 2 Cooke, *ERISA Practice and Procedure* sec. 4:47 (2017); H.Rep.93-533, 93th Congress, 2nd Sess. 1974.

En 1984, con el propósito de enmendar la referida disposición legal, para adaptarla a un nuevo contexto social en el que ambos cónyuges participan de la fuerza laboral y contribuyen económicamente al matrimonio, el Congreso de los Estados Unidos aprobó el *Retirement Equity Act* de 1984 (REA). Esta enmienda amplió las protecciones provistas por la ley a favor del cónyuge supérstite. *Boggs v. Boggs*, 520 US 833, 843 (1997); *Metropolitan Life Ins. Co. v. Bigelow*, 283 F.3d 436, 441 (2002). Véase, además, 29 USC sec. 1055.

Desde entonces, mediante la asignación de una anualidad o una suma global, aun cuando el participante todavía no se hubiese retirado, ERISA requiere que se le asegure al cónyuge supérstite una fuente de ingresos después de la muerte del participante. 29 USC sec. 1055(a). **Para garantizar lo anterior, la ley requiere que el cónyuge del participante sea el beneficiario del plan de retiro. Además, ERISA requiere el consentimiento del cónyuge del participante para asignar un beneficiario distinto.** 29 USC sec. 1055 (c)(2). La selección de un beneficiario distinto al cónyuge debe hacerse en forma escrita y no puede hacerse sin el consentimiento de éste último. 29 USC sec. 1055 (c)(2)(A).

De otra parte, pero en temas relacionados, ERISA también contiene un *"assignment and antialienation provision"* que prohíbe el pago, transferencia, cesión o enajenación de beneficios de un plan de retiro a una persona que no sea el beneficiario o el participante del mismo. 29 USC sec. 1056 (d); 26 CFR sec. 1.401(a)-13. Véase, además, *Cooke*, *supra*, sec. 4:47. Eso incluye cualquier enajenación en la que una parte adquiere un interés de un participante o beneficiario sobre los beneficios del plan. 26 CFR sec. 1.401(a)-13. El propósito de esta cláusula es asegurar que los beneficios del plan estén disponibles al momento del retiro del participante. *Íd.*

Ahora bien, la mencionada prohibición -- que en esencia prohíbe el pago, transferencia, cesión o enajenación de beneficios a una persona que no sea beneficiario o participante del plan -- tiene una excepción. *Cooke*, *supra*, sec. 4:47; 29 USC sec. 206(d)(3)(B). La excepción dispone que una persona que obtiene derechos sobre los beneficios de un plan de retiro por medio de una **orden de relaciones domésticas cualificada** puede ser tratada como beneficiario sin violar las disposiciones de ERISA. Una orden de relaciones domésticas cualificada es una orden que crea o reconoce la existencia de un derecho de un beneficiario alterno para que reciba parte o la totalidad de los beneficios. 29 USC sec. 206(d)(3)(B). Eso incluye las

sentencias, órdenes u acuerdos de división de bienes que cumplan con los requisitos de ERISA.[2]

Por último, en cuanto a la administración y distribución de beneficios, ERISA requiere que los planes de beneficios para empleados se establezcan y se sostengan de acuerdo a un instrumento escrito. 29 USC sec. 1102(a)(1).[3] Cónsono con lo anterior, el administrador de un plan de retiro gobernado por ERISA debe cumplir con su deber fiduciario de acuerdo con los documentos e instrumentos que rijan el plan. *Íd.* sec. 1104(a)(D).[4] Por lo tanto, la administración y distribución de los beneficios debe ser conforme a los documentos del plan.

---

[2] En cuanto a los requisitos que debe cumplir una orden de relaciones domésticas cualificadas las disposiciones correspondientes establecen que:

(C) *A domestic relations order meets the requirements of this subparagraph only if such order clearly specifies--*
*(i) the name and the last known mailing address (if any) of the participant and the name and mailing address of each alternate payee covered by the order,*
*(ii) the amount or percentage of the participant's benefits to be paid by the plan to each such alternate payee, or the manner in which such amount or percentage is to be determined,*
*(iii) the number of payments or period to which such order applies, and*
*(iv) each plan to which such order applies.*
(D) *A domestic relations order meets the requirements of this subparagraph only if such order--*
*(i) does not require a plan to provide any type or form of benefit, or any option, not otherwise provided under the plan,*
*(ii) does not require the plan to provide increased benefits (determined on the basis of actuarial value), and*
*(iii*) *does not require the payment of benefits to an alternate payee which are required to be paid to another alternate payee under another order previously determined to be a qualified domestic relations order.* 29 USC 1056(d)(C)-1056(d)(D).

[3] *"Every employee benefit plan shall be established and maintained pursuant to a written instrument."* 29 USC sec. 1102 (a)(1).

[4] *"[A] fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and . . . in accordance with the documents and instruments governing the plan."* 29 USC sec. 1104.

En virtud de la normativa antes expuesta, en *Kennedy v. Plan Administration for Dupont Savings and Investment*, 555 US 285 (2009), el Tribunal Supremo de los Estados Unidos, al instaurar el "*Plan Document Rule*", para el análisis de casos como el que nos ocupa, resolvió que el administrador de un plan regulado por ERISA debe identificar el beneficiario de un plan de retiro basado en los documentos del plan.

En el mencionado caso, el participante del plan de retiro, William Kennedy, designó a su entonces esposa, Liv Kennedy, como beneficiaria del plan. William y Liv se divorciaron bajo una orden en la que ésta última renunciaba a todos los derechos sobre el plan de retiro.[5] Al momento de la muerte del participante, éste no había revocado el formulario de designación de beneficiario a favor de su ex esposa. La representante del caudal del participante, su hija, solicitó que se distribuyeran los beneficios al caudal hereditario pues la ex esposa del participante había renunciado a los derechos del plan de retiro.

Como ya mencionamos, al evaluar las controversias expuestas ante su consideración, y para determinar el beneficiario a quien el administrador debía distribuir los fondos del plan de retiro el Tribunal Supremo federal instauró el "*Plan Document Rule*". **Dicha norma postula que,**

---

[5] Es preciso señalar que, aunque la controversia de *Kennedy* giraba en torno a la aplicación de una estipulación en que la ex cónyuge renunciaba a los derechos sobre el plan de retiro en controversia, la norma dispuesta por *Kennedy, supra,* es de aplicación al caso ante nos porque ambos tratan sobre la reclamación de derechos contra los beneficios de un plan, basado en un documento extrínseco al plan.

**en aras de cumplir con su obligación de administrar un plan de retiro conforme a los documentos que rigen el mismo, el administrador debe distribuir los beneficios del mismo de acuerdo a los términos y condiciones del plan.** Precisa señalar que, conforme a lo dispuesto por el Tribunal, esta regla excluye de la interpretación los documentos externos al plan de retiro, con excepción de la orden de relaciones domésticas cualificadas. *Kennedy*, *supra*, en la pág. 301.

Así pues, de conformidad con lo anterior -- y aplicando el "*Plan Document Rule*" -- el Tribunal Supremo federal resolvió que los documentos que gobernaban el plan de retiro en el caso de *Kennedy* -- como veremos más adelante, distinto al caso ante nuestra consideración -- requerían la identificación del beneficiario mediante un formulario de designación. *Kennedy*, *supra*, pág. 288. Dicho documento identificaba a la ex esposa como la beneficiaria designada del plan de retiro, por lo que procedía la distribución a favor de la ex esposa. Además, señaló el Alto Foro que los documentos del plan proveían el mecanismo para que el participante revocara la designación de beneficiario del plan, pero no lo hizo. *Íd.*, pág. 303.

Cónsono con la norma pautada en *Kennedy*, *supra*, la jurisprudencia posterior a dicho caso, ha interpretado que para que un formulario sea parte de los documentos rectores del plan de retiro, tiene que estar dispuesto de esa manera. *Becker v. Williams*, 777 F.3d 1035 (2015). **Es decir, los documentos que gobiernan el plan de retiro deben indicar que**

**el formulario de designación es el método, y no otro, para asignar el beneficiario.**

III.

Conforme a la normativa antes expuesta, el atender correctamente la controversia que nos ocupa requiere, en primer término, examinar los documentos que rigen el Plan de Retiro en controversia, así como los documentos que le acompañan, para determinar si de ellos surge quién es la beneficiaria del mismo. Entre los documentos a evaluarse se encuentran: el documento constitutivo del Plan de Retiro, el "*Summary Plan Description*" y el Formulario de Designación de Beneficiarios.

Así pues, de un análisis detenido de los referidos documentos, surge clara y expresamente, que en el Art. 7.2 del Plan de Retiro en controversia, él o la beneficiaria del Plan de Retiro bajo estudio lo será: ***"The Beneficiary of the death benefit payable pursuant to this Section shall be the Participant's spouse."*** **Es decir, que el beneficiario o beneficiaria del Plan de Retiro ante nuestra consideración es automáticamente el cónyuge del participante.**

Ahora bien, del análisis realizado también se desprende que, por vía de excepción, para que el participante designe una persona distinta a su esposa debe ocurrir una de las siguientes:

    (1)   the spouse has waived the right to be the Participant's Beneficiary, or

    (2)   **the Participant is legally separated or has been abandoned (within the meaning of local**

**law) and there is no "qualified domestic relations order" as defined in Act Section 206 (d)(3) which provides otherwise, or**

(3)  the Participant has no spouse

(4)  the spouse cannot be located.

*Véase* Apéndice del *Certiorari*, pág. 1259.

En esencia, esto significa que el participante puede designar como beneficiario del Plan de Retiro una persona distinta a su cónyuge si: (1) el cónyuge ha renunciado a sus beneficios; (2) **está legalmente separado o ha sido abandonado por su cónyuge sin una orden de relaciones domésticas cualificada**; (3) el participante no tiene cónyuge; o (4) el cónyuge no puede ser localizado. Para lograr lo anterior -- entiéndase sustituir la esposa como beneficiaria del Plan de Retiro, pues el Plan así lo dispone automáticamente -- el participante tenía disponible lo que se conoce como el formulario para la designación de beneficiarios.

En el presente caso, como mencionamos anteriormente, el licenciado Andújar Figueroa estuvo casado con la señora Iglesias Saustache desde 1989 hasta 2004. Por lo tanto, conforme al Plan, la señora Iglesias Saustache tenía que ser la beneficiaria del Plan de Retiro, por ser -- en ese momento -- la esposa del participante conforme al Art. 7.2 del Plan de Retiro. No obstante, a la luz de lo dispuesto en el Plan, el licenciado Andújar Figueroa podía nombrar a una persona distinta a su esposa, si la esposa renunciaba a sus beneficios o si estaba legalmente separado de su esposa sin una orden de relaciones doméstica cualificada.

Si bien el licenciado Andújar Figueroa suscribió en 1997 un *Formulario de Designación de Beneficiario* en el que nombraba a la señora Iglesias Saustache como beneficiaria del Plan de Retiro, entendemos que el mismo -- según dispuesto en el documento constitutivo del Plan -- no era necesario que se otorgara, pues el mismo solo estaba disponible para aquellas instancias en que éste decidiera nombrar un beneficiario distinto al cónyuge del participante. En el caso ante nos, la señora Iglesias Saustache, conforme a los documentos del Plan de Retiro, era obligatoriamente la beneficiaria del mismo. Para su designación no era necesario un formulario de designación de beneficiario, pues el formulario de designación no es un documento rector del Plan de Retiro.

Posteriormente, el 28 de noviembre de 2004, el licenciado Andújar Figueroa se separó legalmente de su esposa sin una orden de relaciones domésticas cualificada.[6] Consecuentemente, él podía nombrar a una persona distinta a la señora Iglesias Saustache como beneficiario del Plan de Retiro.

Así las cosas, y no habiendo nombrado un nuevo beneficiario, un tiempo después, el licenciado Andújar Figueroa contrajo nupcias con la señora Calderón Félix. Consecuentemente, conforme al documento constitutivo del Plan de Retiro, y con la muerte del licenciado Andújar Figueroa, la señora Calderón Félix automáticamente se tornó

---

[6] Véase Apéndice del *Certiorari*, pág. 1311.

en la beneficiaria del Plan de Retiro. **Esto pues, el Plan de Retiro claramente disponía que la beneficiaria del Plan debe ser la cónyuge del participante**. Véase Apéndice del *Certiorari*, pág. 1258 (Art. 7.2 del Plan de Retiro).

El resultado al que hemos llegado se confirma también con una lectura del *"Summary Plan Description"* que acompaña el Plan de Retiro. **En dicho documento se indica que, si el participante muere estando casado, la esposa será la beneficiaria del Plan de Retiro, a menos que otra cosa se indique por consentimiento escrito**. Para designar a una persona distinta a la esposa, ésta última debió haber renunciado irrevocablemente los beneficios del Plan.[7] Específicamente, dispone el referido documento que:

> **If you are married at the time of your death, your spouse will be the beneficiary of the death benefit** unless you otherwise elect in writing on a form to be furnished to you by the Administrator. If you wish to designate a beneficiary other than your spouse, however, your spouse must irrevocably consent to waive any right to the death benefit. Véase*, Apéndice de *Certiorari*, pág. 1293.

Sobre el particular, el *"Summary Plan Description"* enfatiza lo dispuesto por el documento constitutivo del Plan de Retiro y establece que:

> If, however,
>
> (a)  your spouse has validly waived any right to the death benefit...
>
> (b)  your spouse cannot be located;

---

[7] Incluso el Plan de Retiro indica: *"Since your spouse has certain rights in the death benefit, you should immediately report any change in your marital status to the administrator."* Véase Apéndice del *Certiorari*, pág. 1293.

    (c) you are not married at the time of your death, then your death benefit will be paid to the beneficiary of your own choosing in installments or as a single lump sum, as you or your beneficiary may elect. **You may designate the beneficiary on a form to be supplied to you by the Administrator.**" Véase Apéndice del *Certiorari*, pág. 1294.

Así pues, y en lo que compete al asunto ante nos, es forzoso concluir que la cónyuge supérstite del participante, la señora Calderón Félix, es la beneficiaria del Plan de Retiro. Interpretar lo contrario, implicaría burlar la norma establecida en *Kennedy*, *supra*.

Siendo ello así, para que la señora Iglesias Saustache pudiera considerarse la beneficiaria del Plan de Retiro, el licenciado Andújar Figueroa, con el consentimiento de la señora Calderón Félix, debió haber completado un formulario para la designación de beneficiario para nombrar a la señora Iglesias Saustache como beneficiaria alterna o reconocerle sus derechos a través de una orden de relaciones domésticas cualificada. No obstante, el licenciado Andújar Figueroa no lo hizo.

Así pues, establecido lo anterior, resolvemos que el Tribunal de Apelaciones erró al concluir que la beneficiaria del Plan de Retiro era la señora Iglesias Saustache. La beneficiaria, en el presente caso, y conforme a los documentos que gobiernan el plan de retiro en controversia, es la cónyuge supérstite del licenciado Andújar Figueroa, la señora Calderón Félix. Se cometieron, pues, los errores señalados.

Ahora bien, precisa señalar que lo aquí resuelto no constituye una adjudicación en los méritos sobre una posible causa de acción, si alguna, que pudiese tener la señora Iglesias Saustache para hacer valer lo estipulado en el *Acuerdo de División* con su exesposo el licenciado Andújar Figueroa.

## IV.

Por los fundamentos antes expuestos, se revoca la sentencia emitida por el Tribunal de Apelaciones y se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos a tenor con lo aquí resuelto.

Ángel Colón Pérez
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Nayda Lucero Iglesias Saustache

    Recurrida

       v.                          Núm. CC-2016-703     *Certiorari*

Jeanine Calderón Félix

    Peticionaria


SENTENCIA

En San Juan, Puerto Rico a 16 de agosto de 2018.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se revoca la sentencia emitida por el Tribunal de Apelaciones y se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos a tenor con lo aquí resuelto.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo